Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher took no part in the decision of this case.

---

ARGUESO *v.* MÜLLENHOFF & KÖRBER.

APPEAL from the District Court of Humacao.

No. 98.—Decided December 22, 1903.

COMPETENCY—ACTION OF NULLITY—PERSONAL ACTIONS.—With the exception of the cases of express or implied submission in personal actions, the competent judge shall be that of the place where the obligation is to be performed, and in his absence that of the domicile of the defendant or of the place of the execution of the contract, at the election of the plaintiff, in the cases mentioned in paragraph 1, article 62 of the Law of Civil Procedure.

Competencia.—Reclamaciones del Deudor ó Terceros Poseedores.—Las disposiciones del Art. 170 del Reglamento para la ejecución de la Ley Hipotecaria, en materia de competencia, deberán interpretarse en armonía con las del Art. 175 del mismo Reglamento, según el cuál, todas las reclamaciones que formulare el deudor ó terceros poseedores y demás interesados en un procedimiento sumario, con excepción de las que el mismo artículo enumera, se ventilarán en el juicio plenario correspondiente, y la competencia para conocer de este juicio habrá de determinarse *por las reglas ordinarias.*

## EXPOSICIÓN DEL CASO.

En el juicio promovido ante la Corte de Distrito de Humacao por Don Manuel Argüeso y Flores y Doña Ernestina Frías y Noya contra los Señores Mullenhoff & Korber, sobre nulidad de cláusulas de escrituras hipotecarias, liquidación general de abonos y otros extremos; juicio pendiente ante *nos* á virtud de recurso de apelación interpuesto por los demandantes contra resolución de dicha Corte en cuestión de competencia, habiendo representado á la parte recurrente el Letrado Don Rafael López Landrón, y á la parte recurrida el Letrado Don Jacinto Texidor.

*Resultando*: que con fecha cuatro de Mayo último, los esposos Don Manuel Argüeso y Flores y Doña Ernestina Frías y Noya, presentaron demanda contra la Sociedad Mercantil Mullenhoff & Korber, de esta Capital, ante el Tribunal de Distrito de Humacao, para que, por los trámites del juicio declarativo, se ordenara por sentencia definitiva, entre otras cosas, que se subsanaran los errores de cantidad cometidos por duplicación de intereses en escrituras hipotecarias otorgadas bajo los números 81 y 82, en diez de Mayo del año próximo pasado, por la referida Sociedad y los demandantes, ante el Notario Don Herminio Díaz Navarro, de gravámenes impuestos á favor de los demandados, sobre la Hacienda Central "Ingenio" del barrio de "Aguacate", de la jurisdicción de Yabucoa, de la propiedad de los referidos esposos, se anularan determinadas cláusulas de las men-

PERSONAL ACTION.—An action for the annulment of certain clauses of a mortgage and for general liquidation of accounts is a personal action.

ID.—CLAIMS OF THE DEBTOR OR THIRD PARTIES IN POSSESSION.—The provision of article 170 of the Regulations for the execution of the Mortgage Law in matters of competency, must be construed in connection with article 175 of said Regulations, according to which all actions that may be brought by the debtor, as well as by third parties in interest and any other interested persons in a summary proceeding, with the exception of those mentioned in the same law, should be disposed of in a proper final trial and the competency to take cognizance of this action shall be determined by the usual rules.

### STATEMENT OF THE CASE.

This case was prosecuted in the District Court of Humacao by Manuel Argueso y Flores and Ernestina Frías y Noya, against Müllenhoff & Korber, for the nullity of certain clauses of mortgage deeds, general liquidation of payments and other matters, which case is pending before us on appeal taken by the plaintiffs from the decision of said court upon a question of jurisdiction, the party appellant being represented by Attorney Rafael López Landrón, and the respondent by Jacinto Texidor, Esq.

On the 4th of May, 1903, Manuel Argueso y Flores and his wife Ernestina Frías y Noya, brought a declaratory action in the District Court of Humacao, against the mercantile firm of Müllenhoff & Kober of this city, praying that a final judgment be rendered, ordering among other things, that the errors in amounts be corrected which were committed by duplication of interest charges in the mortgage deeds Nos. 81 and 82, executed May 10, 1902, by aforesaid firm and the plaintiffs, before Notary Herminio Díaz Navarro, constituting encumbrances in favor of the defendants, upon the Central Estate "Ingenio," situated in *barrio* "Aguacate," within the municipal district of Yabucoa, belonging to aforesaid plaintiffs; that certain clauses of said deeds be annulled; that a general liquidation of the mortgages and accounts current carried between the parties for the preservation and develop-

cionadas escrituras y se practicara una liquidación general de las hipotecas y cuentas corrientes sostenidas entre las partes para conservación y fomento de dicho "Ingenio", mandando llevar á cabo las cancelaciones correspondientes.

*Resultando*: que admitida la anterior demanda, fueron citados y emplazados para contestarla los Señores Mullenhoff & Korber, quienes acudieron al Tribunal de Distrito de San Juan, para que requiriera de inhibición al de Humacao, á lo que accedió el Tribunal de San Juan, en auto de veinte y dos de Mayo último, librando oficio inhibitorio al de Humacao, para que se separara del conocimiento del juicio, como así lo acordó ese Tribunal en auto de trece de Agosto, auto que fué apelado por los consortes Argüeso, habiendo sido remitidas las actuaciones á esta Corte Suprema para la decisión del recurso.

*Resultando*: que tramitado el recurso en la forma correspondiente, después de instruidas las partes y resuelto un incidente de acumulación, se señaló día para la celebración de la vista, la cual tuvo lugar con asistencia é informe de las partes el día once de los corrientes.

Abogado de los apelantes: *Sr. López Landrón.*

Abogado de los apelados: *Sres. Díaz y Texidor.*

El Juez Asociado Sr. MacLeary, depués de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando*: que en el apartado primero del Artículo 62 de la Ley de Enjuiciamiento Civil, se dispone que fuera de los casos de sumisión expresa ó tácita, en los juicios, en que se ejercitan acciones personales, es Juez competente el del lugar en que debe cumplirse la obligación, y á falta de éste, á elección del demandante, el del domicilio del demandado, ó el del lugar del contrato, en el caso que dicho apartado expresa.

*Considerando*: que la acción ejercitada por los esposos Don Manuel Argüeso Flores y Doña Ernestina Frías Noya, sobre nulidad de cláusulas de las escrituras hipotecarias Nos.

ment of said estate be made, and that such cancellations as might be proper be effected.

The aforesaid complaint was admitted, and upon summoning Müllenhoff & Korber to appear for the purpose of answering the same, they applied to the District Court of San Juan for a writ of inhibition against the Humacao Court, which request was granted, the former issuing a writ enjoining the latter to abstain from taking cognizance of the case, whereupon the Humacao Court by an order dated August 13, deferred to the said District Court of San Juan. From said order the plaintiffs took an appeal and the record was forwarded to this Supreme Court for the decision of the appeal.

The appeal having been perfected, after the record was delivered to the parties and after disposing of an application for a consolidation, a day was set for the hearing, which took place on the 11th instant, both parties being present and arguing the case.

*Mr. López Landrón,* for appellants.

*Messrs. Díaz and Texidor,* for respondents.

MR. JUSTICE MACLEARY, after making the above statement of facts, delivered the opinion of the court as follows:

Under paragraph 1 of article 62 of the Law of Civil Procedure it is provided that with the exception of the cases of express or tacit submission in personal actions, the competent judge shall be the one in the place where the obligation is to be performed, and in his absence, that of the domicile of the defendant or of the place where the contract was executed at the election of the plaintiff, in the case mentioned in aforesaid paragraph.

The action prosecuted by Manuel Argueso Flores and his wife, Ernestina Frías Noya, having reference to the annulment of certain clauses of mortgage deeds Nos. 81 and 82, and

the general liquidation of accounts and other matters, is a personal action; and even were it not so, the express submission of the plaintiffs is evident; and the provision of article 170 of the Regulations for the execution of the Mortgage Law to the effect that in proceedings for the collection of a mortgage debt or its interest "the judge of competent jurisdiction shall be the judge of the place in which all the property mortgaged is situated, no change of venue being admissible," cannot be alleged in opposition, inasmuch as said provision must be applied in connection with article 175 of the same Regulations, which says that aside from the cases enumerated therein, "all other actions that may be brought by the debtor, as well as by the third parties in interest, and other interested persons, including those regarding the nullity of the title or of the proceedings, or regarding the lapse, constitution, extinction, or amount of the debt, shall be disposed of in the proper proceeding, without ever causing a stay of the proceedings in an executory action." The question of jurisdiction to take cognizance of this declaratory suit shall be determined by the usual rules.

For the reasons set forth the San Juan Court has jurisdiction to take cognizance of the case at bar, and therefore the order made on August 13 by the District Court of Humacao, inhibiting itself from taking cognizance of aforesaid suit is correct and in conformity with the law.

We adjudge that we should affirm the order made by the Humacao Court on the 13th of August last, from which this appeal is taken, and impose costs upon appellants. The proper certificate is ordered to be issued to the District Court of Humacao, and the record sent up by said court returned.

Chief Justice Quiñones and Justices Hernández, Figueras and Sulzbacher concurred.